IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KARL KNIGHT,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No.  4:14cv586-MW/CAS

FLORIDA DEPARTMENT OF
REVENUE,

      Defendant.

_____/

**AMENDED ORDER DENYING MOTION TO DISMISS[1]**

This employment discrimination claim arises under the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla. Stat. (2014), Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Acts of 1991, 42 U.S.C. § 1981a.[2] Plaintiff Karl Knight alleges that the Defendant, the Florida Department of Revenue ("the Department"), failed to promote him because of his gender.  ECF No. 2.  Defendant has moved to dismiss under Federal Rule of Civil Procedure

---

[1] Order amended to correct scrivener's error.

[2] Discrimination claims under chapter 760, Title VII, and section 1981a all follow the same analysis. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) ("[D]ecisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII."). *Cf. Williams v. Carrier Corp.*, 889 F. Supp. 1528, 1530 (M.D. Ga. 1995) (explaining that, for retaliation claims, the same analysis applies to section 1981 and Title VII claims), *aff'd*, 130 F.3d 444 (11th Cir. 1997).

12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted. ECF No. 4. After considering the matter without hearing, the motion is denied.

Federal Rule of Civil Procedure 8(a) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When deciding a motion to dismiss, courts must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 799 (11th Cir. 2014) (quoting *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004)). To survive dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim is facially plausible when the court can draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *McCone*, 582 F. App'x at 799-800 (emphasis added) (quoting *Iqbal*, 556 U.S. at 662) (internal quotation marks omitted).

The requirement that a complaint contain "sufficient factual matter" applies universally to all claims. *See id.* (applying *Iqbal* and *Twombly* to a discrimination claim). In the employment discrimination context, however, neither *Iqbal* nor

*Twombly*, nor the Federal Rules of Civil Procedure, require a complaint to allege facts establishing each element of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to survive dismissal. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002) (holding that a complaint need not contain "specific facts establishing a prima facie case of discrimination under the framework set forth by . . . *McDonnell Douglas*"); *see also McCone*, 582 F. App'x at 801 n.4 (acknowledging that "*Twombly* effectively overruled *Swierkiewicz* when it rejected the old standard for dismissal" but that "this had no impact on *Swierkiewicz*'s statement that a plaintiff is not required to plead a prima facie case of discrimination in order to survive dismissal").

The reason is simple. *McDonnell Douglas* is not the only way of proving discrimination and therefore not the only way by which a district court can draw the "reasonable inference" required for plausibility or by which discrimination claims rise "above the speculative level." *See, e.g.*, *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (direct evidence of discrimination); *Kilpatrick v. Tyson Foods, Inc.*, 268 F. App'x 860, 863 (11th Cir. 2008) (statistical evidence); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1327-28 (11th Cir. 2011) (circumstantial evidence). Ultimately, "ordinary rules," as modified by *Iqbal* and *Twombly*, "for assessing the sufficiency of a complaint apply." *See Swierkiewicz*, 534 U.S. at 511.

In this case, Knight, a black male currently employed with the Department as a Revenue Specialist II, claims that he "applied for several Revenue Manager positions" with the Department.  ECF No. 2-1 at 2.  The Department, according to Knight, did not interview him for either Revenue Manager position and instead hired two females.  *Id.*  Knight alleges that despite being "better qualified than the chosen candidates," he was "passed over each time . . . based in part on his gender."  *Id.*

The Department claims that Knight failed to plead sufficient facts showing that it discriminated against him on the basis of gender.  ECF No. 4 at 3.  Specifically, the Department contends that Knight's complaint is a "mere boilerplate recitation of legal elements devoid of any factual support."  *Id.*  The Department maintains that once these legal conclusions are eliminated from the complaint, the remaining vague factual allegations, such as that Knight filed "several" applications for Revenue Manager, fail to put it on notice of any asserted claims.  *Id.*  This Court disagrees.

The complaint contains sufficient facts to place the Department on notice of the alleged discrimination.  First, the complaint indicates that the protected class in question is gender.  ECF No. 2-1 at 2.  Knight also specifies that he suffered an adverse employment action when the Department failed to promote—indeed, failed to even interview—him despite his qualifications.  *Id*.  Knight further

4

...
...

sufficiently pleads that discriminatory animus motivated the decision by alleging that two individuals outside of his protected class were promoted over him. *Id.* At the very least, this last allegation serves as circumstantial evidence that discriminatory intent caused the adverse employment action.

In sum, this Court holds that the complaint contains sufficient facts to state a claim upon which relief can be granted. Importantly, this Court understands Knight's sole claim to be a failure-to-promote. If Knight believes that there are additional claims, he should seek leave to amend the complaint.

For the reasons stated,

**IT IS ORDERED:**

The motion, ECF No. 4, is **DENIED.**

**SO ORDERED on February 9, 2015.**

                                                s/Mark E. Walker
                                                **United States District Judge**